UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA SAMPLES,

      Plaintiff,                     Case No. 2:25-cv-13685

v.                                     Honorable Susan K. DeClercq
                                               United States District Judge

LINDSAY LONGAN,

      Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (ECF No. 2), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFENDANT TO PROVIDE 2020 ORDER (ECF No. 4)**

In November 2025, Plaintiff Cynthia Samples, proceeding *pro se*, filed this suit against Defendant Lindsay Longan. ECF No. 1. Samples also applied to proceed *in forma pauperis*. ECF No. 2. The application supports her claim of poverty, so it will be granted. However, as explained below, Samples's complaint will be dismissed without prejudice because this Court lacks subject-matter jurisdiction.

## I. BACKGROUND

On November 19, 2025, Samples filed a complaint, naming Longan, a paralegal employee of United States District Judge Shalina D. Kumar, as the sole defendant. ECF No. 1 at PageID.2.

The allegations in Samples's complaint are limited and unclear. It appears that Samples takes issue with an order issued in an Oakland County Circuit Court case to which she was a party. *Id.* at PageID.5. Samples alleges that Longan, as Judge Kumar's paralegal, "must have changed the out come of the order and the case through jurisdiction." *Id.* Jefferson alleges:

> [J]urisdiction [was] established [sic] on the complaint created in 2019 so there was not need to bring up jurisdiction[.] [I]f you read the complaint Judge Kumar never brought up jurisdiction in 2020….Longan Paralegal must have changed the out come of the order and the case through jurisdiction[.] [S]he didn't see the complaint and say the other documents only Judge Kumar must have sign[ed] the order in favor of plaintiff but Longan Paralegal changed order to favor defendant….

*Id.*

It is not clear what relief Samples seeks, though she notes the amount in controversy is "fivehundredthousanddollars," citing Michigan Court rules about what must be included in a summons in a state court case and about the entry of judgments and orders in state cases. *See id.* Samples also notes she has filed complaints with Michigan's Judicial Tenure Commission. *Id.*

## II. LEGAL STANDARD

Because Samples proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-

prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition to the § 1915(e)(2) screening process, district courts "must dismiss" any action over which it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3); *see also Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (noting that although "28 U.S.C. § 1915(e)(2)[] does not expressly include reference to screening for subject matter jurisdiction," its exclusion from § 1915(e)(2) is "largely irrelevant as a practical matter because federal courts have an ongoing duty to consider their subject matter jurisdiction and may raise the issue *sua sponte*." (cleaned up)).

Notably, when a plaintiff proceeds *pro se*, his or her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, there are limits to this lenient treatment, and "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

In her complaint, Samples does not assert a basis for this Court to exercise subject-matter jurisdiction over her allegations. *See* ECF No. 1 at PageID.4–5. She notes that the case "originated" in Oakland County Circuit Court and then asserts there is "[a] Federal question Under 28 U.S.C. § 1331 not sure if correct maybe." *Id.* at PageID.4.

Because *pro se* pleadings are held to less stringent standards, this Court will examine the substance of Samples's complaint to determine whether federal question or diversity jurisdiction exists such that this Court may exercise subject-matter jurisdiction. *See Erickson*, 551 U.S. at 94.

Samples cites no federal statute, treatise, or provision of the U.S. Constitution upon which her claims are based.[1] *See id.* at PageID.4–5. Indeed, liberally construing the substance of Samples's complaint, it appears she is attempting to challenge a

---

[1] To the extent Samples's complaint might be construed to be basing allegations on violations of the American Bar Association Model Rules, *see* ECF No. 1 at PageID.5, "the ABA Model Rules do not create a private cause of action." *Austin-Fischiettie v. Glassman, Wyatt, Tuttle & Cox, P.C.*, No. 24-cv-02851-TLP-tmp, 2025 WL 2622357, at *6 (W.D. Tenn. Feb. 6, 2025) (finding a lack of jurisdiction for a *pro se* litigant's complaint that involved challenge to a state court proceeding and allegations that the defendants violated the ABA Model Rules), *report and recommendation adopted by* 2025 WL 2255627 (W.D. Tenn. Aug. 7, 2025). Likewise, the Michigan Rules of Professional Conduct do not give rise to a cause of action. *See LeBlanc v. Kalamazoo Police Dep't*, No. 1:18-cv-487, 2018 WL 3197433, at *5 (W.D. Mich. June 29, 2018) (explaining that Michigan and federal model rules of professional conduct do not give rise to private causes of action).

state court order or judgment in federal court, which is not permitted. *See Darden v. Montgomery Cnty. Bd. of Comm'rs*, No. 23-3501, 2024 WL 3814048, at *3 (6th Cir. Aug. 14, 2024) ("If a plaintiff loses a case in state court, he may only appeal through the state-court system or to the Supreme Court; federal district courts and courts of appeals have no power to review a state court's judgment."). At bottom, there is no federal-question jurisdiction. *See* 28 U.S.C. § 1331.

And even construing Samples's complaint as bringing proper state-law claims, it does not appear there is diversity jurisdiction either. *See* 28 U.S.C. § 1332 (requiring complete diversity among the parties and an amount in controversy exceeding $75,000 for the district court to hear a case under diversity jurisdiction). Indeed, Samples alleges that both she and Longan are Michigan citizens. *See* ECF No. 1 at PageID.4. So, there is no diversity jurisdiction, either.

In sum, because it is evident from the face of the complaint that this court lacks jurisdiction, Samples's complaint, ECF No. 1, will be dismissed without prejudice for lack of subject-matter jurisdiction under Civil Rule 12(h)(3), and her motion, ECF No. 4, will be denied as moot. *See Ormsby v. Duran*, No. 1:23-cv-12601, 2023 WL 9229134, at *4 (E.D. Mich. Oct. 31, 2023), *report and recommendation adopted*, I2023 WL 9229127 (E.D. Mich. Dec. 5, 2023) (dismissing the complaint *sua sponte* where the plaintiff's complaint neither established federal question jurisdiction nor diversity jurisdiction); *see also El Tribe*

*v. Mich. Recon, Inc.*, No. 14-13754, 2014 WL 5667293, at *3 (E.D. Mich. Nov. 3, 2014) (explaining "[a] lack of subject matter jurisdiction can and should be raised by a court *sua sponte*" and warrants dismissal).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff's Motion for Defendant to Provide 2020 Order, ECF No. 4, is **DENIED AS MOOT**; and

4. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 12, 2025